IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

NO. 1:17CR153(8)

THE UNITED STATES                          IN THE 153RD COURT

V.

ALEXANDER ALSONSO-MASCORRO          JEFFERSON COUNTY TEXAS

MOTION TO DISMISS RRO SE

TO THE HONORABLE JUDGE OF SAID COURT:

   NOW COMES, Defendant Alexander Alsonso-Mascorro by and through pro se, and respectfully moves this court, under the principles of Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813-14 (10th Cir. 2007), Franks v. Deleware, 438 U.S. 154 (1978), Wong Sun v. United States, 371 U.S. 471 (1963), G.S. 15A-978(a), and U.S. v. Gobert, 139 F.3d 436, 438-39 (5th Cir. 1998), with the excersise of due diligence and good faith, and in support thereof, would show the court as follows:

Factual Summary

   The first day I met Miguel Gerardo Rodriguez (MGR) an excustomer brought him and itroduced (MGR) as Javier. On or about but toward the end of 2013, (MGR) came to my paint and body shop named (Alonso's Frame and body, located at 7719½ Park Place Blvd. Houston, TX 77087) seeking to get repairs to the front end collision damage of his (Blue 2008 Cadillac Escalade). When (MGR) first came

to my shop, I did not know his real name. (MGR) asked me if I can acomplish the repairs his SUV needed, and if so, his insurance would cover the expenses for it, and I said, "yes, I can fix it." That same day (MGR) told me he will make the arrangments for his mother in law to call the insurance and tell them where the SUV was located to do their own estimate. I learned of (MGR's) real name on the day of my arrest, prior to that, the day I met him, he told me to call him by his nikname "Chatto." In order to complete all the neccessary repairs while looking for cost effective parts it caused me to take about two to three months. Other factors that caused my delay of repairs were the supplements needed for additional funds to complete the collision damage. (MGR) would often come to my shop to stay closely updated with the progress of his SUV. (MGR) never mentioned by conversation, phone communication or any other form of communication any illegal activities, negotiations, or ideas about this case. I was not involved in any illegal activities with him and I was questioned in early 2015 and fully comfirmed about the allegations against him the day of my arrest on February 20, 2018. Every conversation between (MGR) and I in 2013 were about his SUV. I have factual physical evidence of our buisness negotiations, contract, short relationship between (MGR) and I that I explained to Joel W. Vasquez who failed to assist and allow me to bring foward these facts to the court as shown on Exibits B.1 / 2 pages long and Exibits B.2 / 7 pages long. See Howard v. U.S. Bureau of prisons, 487 F.3d 808, 813-14 (10th Cir 2007) (Due process protections require prisoners be allowed to introduce documentary evidence in their defense)

I have evidence in support of agents falsiality, making false statments knowingly disregarding their own allegations. During the date of my bond hearing Detective Emmerson (DE) stated on the record that I sent someone to sell (an agent) 2 oz. of meth for $1400 and in response to his allegation, my counselor Joel W Vasquez asked (DE) if the government had that person that I allegedly sent to that (agent) to sell that (agent) 2oz. of meth for $1400 in custody. (DE's) answer to the question was no we don't have him in custody, we don't know who that person was. This transaction was alleged to have occured on April 17, 2014. However when you reffer to Exibit A.1 section 2.0 the factual basis paperwork that followed after my indictment paperwork, you will read that (Agents) alleged that I met with (an agent) to sell that (agent) 2oz. of meth for $1400 on that same date of April 17, 2014. It is self evident when the court compares Exibit A.1 section 2.0 to the bond hearing transcript that (DE) clearly and knowingly with reckless disregard to the truth and without due diligence and in bad faith prejudicially made false statements that were a part of the probable cause against me in this case. See Franks v. Deleware, 438 U.S. 154 (1978) restating: If a defendant establishes by a proponderance of the evidence that an affiant made a false stadment knowingly or with reckless disregard for the truth, then that false information must be set aside. If the remainder of the affidavit is insufficent to establish probable cause, then the warrant must be voided and the fruits of the search or arrest excluded from trial. See Wong Sun v. United States, 371 U.S. 471 (1963) (when evidence is obtained as a result of illegal police conduct, not only must that evidence be suppressed, but also all evidence that is the "fruit" of the illegal conduct.) A defendant is entitled to introduce evidence contesting the truthfulness of the evidence, See G.S. 15A-978 (a) Reffer to Exibit A.3 section 4.0 for the above alleged transaction date April 17, 2014

On Exibit A.2 Section 2.0 it states: Toll records reveal that on March 2, 2014 before and after the Kingsville, Texas, seizure, Mascorro was in phone contact with Courier 2 twelve (12) times On that date, Mascorro was also in phone contact with Courier 3 thirty four (34) times, and on that date Mascorro was in phone contact with Rodriguez fourty-nine (49) times These phone contacts were for the purpose of arranging delivery of narcotics from the source in the Rio Grand Valley to Rodriguez in the Houston area

## (Courier 2)

Before and after the Texas Kingsville seizure, I never call (courier 2) before or after for any porpose of arranging deliveries of narcotics from or to any place

## (Courier 3)

On March 2, 2014 regarding Courier 3 on Exibit A.2 Section 2.0 this is a false statment because I never call any (one person) (an individual) more than five (5) time max in a full day consisting of 24 hrs.

## (Rodriguez)

On March 2, 2014 regarding Rodriguez on Exibit A.2 Section 2.0, this is a false statment because I never call any (one person) (an individual) more than five (5) times max in a full day consisting of 24 hrs. Furthermore, no calls I made to Rodriguez from me were for the purpose of arranging deliveries of narcotics from or to any place) The only reason I had for calling Rodriguez was because he was a customer of mine from (Alonso's Frame and body.)

On Exibit A.3 section 1.0, if a alleged source notified/informed the Houston Police department of a Chevrolet Silverado with Tamaulipas plates WL 49884 (To the best of my knowledge, I have not seen that truck in my life), that is not a person I'm aware of. I am not familular with a place called Mascorro's auto shop in Houston, however I own (Alonso's Frame and body) located at 7719 ½ Park Place Blvd. Houston, TX, 77087.

On Exibit A.3 section 2.0, during July 10, 2014, when agents stopped Courier 4 and recovered 2.4 kilograms of cocaine HCL, agents allege that the 2.4 kilograms of cocaine was being transported to Mascorro's auto shop. I am not familular with a place called Mascorro's auto shop, and if any narcotics were in transit to my area, I was not aware of it.

On Exibit A.3 section 3.0, this had nothing to do with me, so this is a false accusation by agents.

On Exibit A.3 section 4.0, this had nothing to do with me, so this is a false accusation by agents.

On Exibit A.4 section 1.0, this had nothing to do with me, so this is a false accusation by agents.

On August 10, 2018, a co-defendant filed a motion to suppress illegally obtained wiretap evidence.

On December 4, 2018, the government objected to the suppression

On January 8, 2019, the objection was overruled by the Honorable Judge Thad Heartfield.

I defendant Alexander Alosonso-Mascorro respectfully reurge this Honorable Court to dismiss violation 21 U.S.C. §846 Conspiracy to ~~possess~~ possess with the Intent to Distribute a Controlled Substance, to prevent the likelyhood of a miscarriage of justice based off the insufficent factual bases in this case, citing U.S. v. Gobert, 139 F.3d 436, 438-39 (5th Cir 1998), and Franks v. Deleware, 438 U.S. 154 (1978)

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the Honorable Court move for dismissal pursuant to the supporting facts and caselaw herein.

Respectfully submitted

By: Alexander Alonso Mascorro

## CERTIFICATE OF SERVICE

I certify a true copy of the above motion to dismiss was served upon the Government, hand delivered or mailed, postage, prepaid to the Crim DA and District Clerk of Jefferson County, Texas, on the day of 2-19-, 2019.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 1:17CR153(8) |
| v. | § | Judge Thad Heartfield |
| | § | |
| ALEXANDER ALSONSO | § | |
| MASCARRO (8) | § | |

## FACTUAL BASIS AND STIPULATION

The United States of America, presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant, **Alexander Alonso Mascarro** and the defendant's attorney **Joel W. Vazquez**, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Counts One of the information, and in support thereof, would show the following:

1.  That the defendant hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to:

    - Count One of the information, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute a Schedule II controlled substance, namely more than 500 grams but less than 5 kilograms of cocaine HCL.

2.  That the defendant, who is pleading guilty to such information, is one and the same person charged in the information.

Factual Basis and Stipulation – Page 1

Exibit A.1

3. That the events described in the information occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the information; specifically, the government would have proven the following stipulated facts:

   a. In December 2013, DEA Galveston Resident Office agents established a Cooperating Source ("CS1") who provided information into the drug trafficking activities of Alvaro Romero. CS1 advised that Romero obtained narcotics from a source in the Rio Grande Valley, had them transported to the Houston area, and then distributed them through the Eastern District of Texas to Lake Charles, Louisiana, and other locations further east. He placed the proceeds from the sales of these narcotics into the financial system in order to conceal their nature.

   b. CS1 advised that before becoming a CS, he/she had purchased approximately two hundred and fifty (250) pounds of marijuana and eight (8) kilograms of cocaine from Romero.

   c. On January 2014, CS1 made three narcotics purchases from Romero and called Romero's phone to set up the purchases.

   d. Based on these calls, Title III interceptions began. The phones of the following individuals were intercepted beginning at the following times.

| Date Started | Individual(s)' Phone(s) |
|---|---|
| February 14, 2014 | Alvaro Romero |
| March 5, 2014 | Miguel Rodriguez |
| March 21, 2014 | Alvaro Romero, Arturo Elizondo |
| April 22, 2014 | Alvaro Romero, Arturo Elizondo |
| May 14, 2014 | Jose Rubio Villegas |
| July 2, 2014 | Ricardo Aviles |
| August 8, 2014 | Ricardo Aviles |

e. During the initial round of interception of Romero's phone in February through March 2014, agents learned Romero had Courier 2 and Courier 3 transporting methamphetamine and cocaine HCL from the Rio Grande Valley to the Houston area.

f. On March 2, 2014, the Kingsville, Texas, Specialized Crime and Narcotics Task Force seized 2.18 kilograms cocaine HCL and 6.54 kilograms methamphetamine (actual) from Courier 2 and Courier 3 following a traffic stop.

g. In interceptions following the seizure, Romero blamed couriers for Miguel Gerardo Rodriguez for the stop.   On March 5, 2014, though a source of information agents learned that **Alexander Alonso Mascarro** was the transportation coordinator for Rodriguez.   The source provided **Mascarro's** phone number.

*Who is the 1.0 source? role in conspiracy?*

h. Toll records revealed that on March 2, 2014, before and after the Kingsville, Texas, seizure, **Mascarro** was in phone contact with Courier 2 twelve (12) times.   On that date, **Mascarro** was also in phone contact with Courier 3 thirty-four (34) times, and on that date, **Mascarro** was in phone contact with Rodriguez forty-nine (49) times.   These phone contacts were for the purpose of arranging delivery of narcotics from the source in the Rio Grande Valley to Rodriguez in the Houston area.

*2.0*
*I want to see the phone records & or wiretaps*

i. On March 13, 2014, CS1 placed a phone call to **Mascarro** to arrange a purchase of methamphetamine between **Mascarro** and an undercover agent.   **Mascarro** was in Guadalajuarra, Mexico, at the time but agreed to do a sale later.   On April 14, 2014, CS1 again spoke with **Mascarro** to arrange the sale of methamphetamine to an undercover agent.   On April 17, 2014, **Mascarro** met with the undercover agent and sold the agent 2.06 ounces of methamphetamine actual for $1,400.

*3.0*
*I want to see the wire tap*

*the undercover report and the cb report on the 2.06 oz*

j. On March 25, 2014, CS1 contacted TFO James Emmerson and said he/she had spoken to Romero, who had told the CS that he was waiting on a 90 kilograms cocaine HCL delivery from the Rio Grande Valley.   Romero further told the CS that the 90 kilograms of cocaine HCL would be going straight to Rodriguez.   Romero told the CS that he was working on getting a freightliner to transport the 90 kilograms of cocaine HCL from the Rio Grande Valley to Houston, Texas.

k. On the same day, a Houston Police Department source of information told HPD Detective Patrick McIntyre that Rodriguez and **Mascarro** were in the

process of obtaining a freightliner for transporting this delivery.

l. In June 2014, a source of information informed the Houston Police Department that an older model Chevrolet Silverado with Tamaulipas, Mexico, license plate WL49884 was transporting narcotics from Tamaulipas, Mexico to **Mascarro's** auto shop in Houston. The Houston Police Department forward this information to agents investigating this case.

m. On July 10, 2014, agents noticed the Chevrolet Silverado with the Tamaulipas, Mexico, license plate WL49884 was traveling north on U.S. Highway 77. Agents notified the Kingsville Specialized Crime and Narcotics Task Force who stopped Courier 4. During a search of the vehicle, agents recovered 2.4 kilograms of cocaine HCL. Courier 4 was transporting the cocaine HCL to **Mascarro's** auto shop at **Mascarro's** direction.

n. In the investigation, agents made the following seizures:

| Date | Location | Co-conspirator(s) | Contraband |
|---|---|---|---|
| February 25, 2014 | **Beaumont, TX** | Courier 1<br>Romero<br>Elizondo | 0.5 kg cocaine |
| March 2, 2014 | Kingsville, TX | Courier 2<br>Courier 3<br>Romero<br>**Alexander Alonso Mascarro**<br>Rodriguez | 2.18 kg cocaine<br>6.54 kg methamphetamine actual |
| April 17, 2014 | Friendswood, TX | FNU LNU<br>**Alexander Alonso Mascarro** | 2 ounces methamphetamine actual |
| May 26, 20014 | Sarita, TX | Lopez<br>Romero<br>Rodriguez | 7.12 kgs methamphetamine actual |
| June 6, 2014 | West Houston, TX | Jose Rubio Villegas<br>Ines Rubio Villegas<br>Aviles<br>Worrell | 15 kg cocaine HCL discussed<br>10 kg seized |
| June 10, 2014 | Houston TX | Jose Rubio Villegas<br>Worrell | (SW of Jose Rubio Villegas's home)<br>1 assault rifle |

| | | | 2 handguns<br>Body armor<br>Note from Worrell<br>about June 6 event |
|---|---|---|---|
| July 10, 2014 | Kingsville, TX | Courier 4<br>**Alexander Alonso Mascarro** | 2.4 kg cocaine HCL |

o. Through the course of the conspiracy, **Alexander Alonso Mascarro** was personally responsible for distributing and agreeing to distribute 6.59 kilograms of methamphetamine actual and at least 4.58 kilograms of cocaine HCL.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5.  I have read this factual basis and stipulation and information or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: _____        _____
                                ALEXANDER ALONSO MASCARRO
                                Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6.  I have read this factual basis and stipulation and the information and have reviewed them with my client, **Alexander Alonso Mascarro**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the information, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: _____          _____
                                JOEL W. VAZQUEZ
                                Attorney for the Defendant


                                Respectfully submitted,

                                JOSEPH D. BROWN
                                UNITED STATES ATTORNEY


                                _____
                                CHRISTOPHER RAPP
                                Assistant United States Attorney
                                Eastern District of Texas
                                350 Magnolia, Suite 150
                                Beaumont, Texas 77701
                                (409) 839-2538
                                (409) 839-2550 Fax
                                Arizona Bar No. 025704

# ALONSO'S FRAME AND BODY SHOP

7719 1/2 PARK PLACE BLVD., HOUSTON, TX 77087
(713) 855-6265
Fax: (713) 641-0409
Email: ALONSOSFRAMEANDBODY@GMAIL.COM

Damage Assessed By:  MITCHELL MITCHELL

Arrival Date:   9/12/2013
Accident Date:   9/11/2013
Deductible:   UNKNOWN

Insured:   CLIENTE JAVIER

Mitchell Service:   910647

Description:   2008 Cadillac Escalade
Body Style:   4D Ut
VIN:   1GYEC63818R141050                    Drive Train:   6.2L Inj 8 Cyl 2WD
OEM/ALT:   O                                Search Code:   None
Options:   PASSENGER AIRBAG, DRIVER AIRBAG, POWER DRIVER SEAT, POWER LOCK, POWER WINDOW
POWER STEERING, CRUISE CONTROL, TILT STEERING COLUMN, POWER PASSENGER SEAT
LUGGAGE RACK, PREMIUM SOUND SYSTEM, ANTI-LOCK BRAKE SYS., TRACTION CONTROL
FOG LIGHTS, ALUM/ALLOY WHEELS, REMOTE IGNITION, ENTERTAINMENT SYSTEM
HIGH INTENSITY DISCHARGE HEADLIGHTS, SATELLITE RADIO, TOW HITCH RECEIVER
FRONT AIR DAM, TINTED GLASS, GENUINE WOOD TRIM, AUTO AIR CONDITION
TRIP COMPUTER, THIRD ROW SPLIT BENCH SEAT, TELEMATIC SYSTEMS
UNIVERSAL GARAGE DOOR OPENER, THIRD ROW REMOVABLE SEAT, ANTI-THEFT SYSTEM
AUTOMATIC HEADLIGHTS, INTERIOR AUTOMATIC DAY/NIGHT OR ELECTROCHROMATIC MIRROR
SIDE HEAD CURTAIN AIRBAGS, VEHICLE THEFT TRACKING/NOTIFICATION
DAYTIME RUNNING LIGHTS, ADAPTIVE VARIABLE SUSPENSION
AM/FM STEREO CD CHANGER/MP3 PLAYER, CHROME RUNNING BOARDS
DRIVER HEATED MEMORY SEAT, ELECTRONIC PARKING AID, ELECTRONIC STABILITY CONTROL
FRONT HEATED BUCKET SEATS, FRONT SEATS WITH POWER LUMBAR SUPPORT
KEYLESS ENTRY SYSTEM, LEATHER AND WOOD STEERING WHEEL, POWER DISC BRAKES
POWER HEATED ELECTROCHROMATIC EXTERIOR MIRRORS, RAIN SENSING WIPERS
REAR AUDIO CONTROLS, REAR LOCKING DIFFERENTIAL, REAR WINDOW DIVERSITY ANTENNA
REAR WINDOW WIPER, SECOND ROW FOLDING BUCKET SEATS
STEERING WHEEL AUDIO CONTROLS

| Line Item | Entry Number | Labor Type | Operation | Line Item Description | Part Type/ Part Number | | Dollar Amount | Labor Units |
|---|---|---|---|---|---|---|---|---|
| 1 | AUTO | BDY | OVERHAUL | Frt Bumper Cover Assy | | | | 2.7 # |
| 2 | 003120 | BDY | REMOVE/REPLACE | Frt Bumper Cover | 25814554 | GM PART | 852.47 | INC # |
| 3 | AUTO | REF | REFINISH | Frt Bumper Cover | | | | C 2.9 |
| 4 | 003121 | BDY | REMOVE/REPLACE | Frt Bumper Bolt 10@4.12 | 25705182 | GM PART | 41.20 | INC |
| 5 | 000017 | BDY | REMOVE/REPLACE | Frt Bumper Air Deflector | 15138234 | GM PART | 58.69 | INC |
| 6 | 000022 | BDY | REMOVE/REPLACE | Frt Bumper License Plate Bracket | 15941065 | GM PART | 120.05 | INC |
| 7 | AUTO | REF | REFINISH | Frt License Base | | | | C 0.4 |
| 8 | 002136 | BDY | REMOVE/REPLACE | R Frt Bumper Tow Hook Cover | 15893973 | GM PART | 33.00 | INC |
| 9 | 002137 | BDY | REMOVE/REPLACE | L Frt Bumper Tow Hook Cover | 15893972 | GM PART | 32.33 | INC |
| 10 | 000018 | BDY | REMOVE/REPLACE | Frt Bumper Cover Support | 15882456 | GM PART | 107.14 | INC # |
| 11 | AUTO | BDY | REMOVE/INSTALL | Frt Bumper Cover | | | | INC # |
| 12 | 000019 | BDY | REMOVE/REPLACE | Frt Bumper Impact Bar | 25947497 | GM PART | 363.11 | 0.4 # |
| 13 | 000020 | BDY | REMOVE/REPLACE | Frt Bumper Bracket | 22742861 | GM PART | 42.76 | 0.3 # |
| 14 | 000092 | BDY | REMOVE/REPLACE | Grille | 20824256 | GM PART | 573.92 | INC # |

ESTIMATE RECALL NUMBER: 09/14/2013 08:41:06  16
Mitchell Data Version:  OEM: JAN_12_V

| 15 | AUTO | BDY | REMOVE/INSTALL | R Frt Combination Lamp | | | | | INC # |
|----|------|-----|----------------|------------------------|----|------|---------|--------|-------|
| 16 | AUTO | BDY | REMOVE/INSTALL | L Frt Combination Lamp | | | | | INC # |
| 17 | 000023 | BDY | REMOVE/REPLACE | Upr Grille Bracket | | 15904442 | GM PART | 60.94 | INC # |
| 18 | 000124 | BDY | REMOVE/REPLACE | R Front Combination Lamp Assembly | | 25897649 | GM PART | 872.63 | INC # |
| 19 | AUTO | BDY | CHECK/ADJUST | Headlamps | | | | | 0.4 |
| 20 | 000125 | BDY | REMOVE/REPLACE | L Front Combination Lamp Assembly | | 25897648 | GM PART | 905.59 | INC # |
| 21 | 002453 | BDY | REMOVE/REPLACE | Cooling Radiator Support | | 20805487 | GM PART | 631.27 | 6.3 # |
| 22 | AUTO | MCH | REMOVE/REPLACE | Add To R&R Mechanical Components | -M | | | | 0.9 # |
| 23 | AUTO | MCH | REMOVE/REPLACE | Evacuate & Recharge A/C | -M | | | | 1.4 |
| 24 | 000315 | BDY | REMOVE/REPLACE | R Fender Panel | | 25819549 | GM PART | 494.32 | 3.3 # |
| 25 | AUTO | REF | REFINISH | R Fender Outside | | | | C | 2.0 |
| 26 | AUTO | REF | REFINISH | R Fender Edge & Inside | | | | C | 1.2 |
| 27 | 000484 | MCH | REMOVE/REPLACE | R Lwr Frt Susp Control Arm Assy | -M | | ORDER FROM DEALER | 278.32 | 2.2 # |
| 28 | 000493 | MCH | REMOVE/REPLACE | R Frt Susp Strut | -M | | ORDER FROM DEALER | 149.84 | 1.8 # |
| 29 | AUTO | REF | ADD'L OPR | Clear Coat | | | | | 1.9 |

**# - Labor Note Applies**
**C - Included in Clear Coat Calc**

# Estimate Totals

| I. | Labor Subtotals | Units | Rate | Add'l Labor Amount | Sublet Amount | Totals | | II. | Part Replacement Summary | | | | Amount |
|----|-----------------|-------|------|--------------------|---------------|--------|---|-----|--------------------------|---|---|---|--------|
| | Body | 13.4 | 48.00 | 0.00 | 0.00 | 643.20 | T | | Taxable Parts | | | | 5,617.58 |
| | Refinish | 8.4 | 48.00 | 0.00 | 0.00 | 403.20 | T | | Sales Tax | @ | 8.250% | | 463.45 |
| | Mechanical | 6.3 | 65.00 | 0.00 | 0.00 | 409.50 | T | | | | | | |
| | | | | | | | | | Total Replacement Parts Amount | | | | 6,081.03 |
| | | Taxable Labor | | | | 1,455.90 | | | | | | | |
| | Labor Summary | 28.1 | | | | 1,455.90 | | | | | | | |

| III. | Additional Costs | | Amount | IV. | Adjustments | | Amount |
|------|------------------|---|--------|-----|-------------|---|--------|
| | Total Additional Costs | | 0.00 | | Customer Responsibility | | 0.00 |

| | | Amount |
|------|-------------------------|----------|
| I. | Total Labor: | 1,455.90 |
| II. | Total Replacement Parts: | 6,081.03 |
| III. | Total Additional Costs: | 0.00 |
| | Gross Total: | 7,536.93 |
| IV. | Total Adjustments: | 0.00 |
| | Net Total: | 7,536.93 |

## This is a preliminary estimate.
## Additional changes to the estimate may be required for the actual repair.

Insurance Co: ALLTATES

ESTIMATE RECALL NUMBER: 09/14/2013 08:41:06  16
Mitchell Data Version:  OEM: JAN_12_V

# Allstate Fire and Casualty Ins. Co.

LONE STAR AUTO MCO
Supplement Request Fax Line:
866-464-1109
4920 Westway Park Blvd., Ste 220
Houston, TX 77041

Claim #: 000299456987D01
Workfile ID: 0f3843d6

## Estimate of Record

Written By: ROBIN BOYER, License Number: 284372, 9/18/2013 1:34:41 PM
Adjuster: ROBERT MCMILLAN, (806) 788-3801 Day

| | | | | | | |
|---|---|---|---|---|---|---|
| Insured: | MARIA SENDEJO | Policy #: | 000916552743 | Claim #: | 000299456987D01 | |
| Type of Loss: | Collision | Date of Loss: | 09/11/2013 12:00 PM | Days to Repair: | 8 | |
| Point of Impact: | 12 Front | Deductible: | 1000.00 | | | |

| Owner: | Inspection Location: | Appraiser Information: | Repair Facility: |
|---|---|---|---|
| MARIA SENDEJO | ALONZO'S FRAME AND BODY | chfjs@allstate.com | ALONZO'S FRAME AND BODY |
| 618 SHAWNEE ST | 7719 1/2 PARK PLACE BLVD | (713) 515-8976 | 7719 PARK PLACE BLVD |
| HOUSTON, TX 77034-1335 | HOUSTON, TX 77087 | | HOUSTON, TX 77087 |
| (832) 620-2959 Other | Repair Facility | | (713) 855-6265 Day |
| | (713) 855-6265 Day | | |

## VEHICLE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year: | 2008 | Color: | BLUE | Int: | | Production Date: | 09/2007 |
| Make: | CADI | Body Style: | 4D UTV | License: | CP9 H394 | Odometer: | 117190 |
| Model: | ESCALADE 4X2 | Engine: | 8-6.2L-FI | State: | TX | Condition: | |
| | | | | VIN: | 1GYEC63818R141050 | | |

**TRANSMISSION**
Automatic Transmission
Overdrive
**POWER**
Power Steering
Power Brakes
Power Windows
Power Locks
Power Mirrors
Heated Mirrors
Power Driver Seat
Power Passenger Seat
Power Adjustable Pedals
**DECOR**
Dual Mirrors
Body Side Moldings
Privacy Glass
Console/Storage
Overhead Console
**CONVENIENCE**

Air Conditioning
Intermittent Wipers
Tilt Wheel
Cruise Control
Rear Defogger
Message Center
Steering Wheel Touch Controls
Rear Window Wiper
Climate Control
Dual Air Condition
Navigation System
Backup Camera
Entertainment Center
Remote Starter
Home Link
**RADIO**
AM Radio
FM Radio
Stereo
Search/Seek

CD Player
Premium Radio
Satellite Radio
CD Changer/Stacker
**SAFETY**
Drivers Side Air Bag
Passenger Air Bag
Anti-Lock Brakes (4)
4 Wheel Disc Brakes
Traction Control
Stability Control
Front Side Impact Air Bags
Head/Curtain Air Bags
Rear Side Impact Air Bags
Communications System
Xenon Headlamps
Positraction
**ROOF**
Luggage/Roof Rack
Electric Glass Sunroof

**SEATS**
Leather Seats
Heated Seats
Rear Heated Seats
Ventilated Seats
Power Third Seat
Captain Chairs (4)
**WHEELS**
20" Or Larger Wheels
**PAINT**
Clear Coat Paint
Metallic Paint
**OTHER**
Fog Lamps
Signal Integrated Mirrors
**TRUCK**
Trailer Hitch
Trailering Package
Running Boards/Side Steps
Power Trunk/Gate Release

9/18/2013 1:34:53 PM

112920

Page 1

## Estimate of Record

### 2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

| Line | | Oper | Description | Part Number | Qty | Extended Price $ | Labor | Paint |
|------|------|------|-------------|-------------|-----|------------------|-------|-------|
| 1 | **FRONT BUMPER** | | | | | | | |
| 2 | | | O/H front bumper | | 0 | 0.00 | 2.7 | 0.0 |
| 3 | ** <> | Repl | A/M CAPA Bumper cover | GM1000816PP | 1 | 451.00 | Incl. | 2.8 |
| 4 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 1.1 |
| 5 | | | Add for fog lamps | | 0 | 0.00 | 0.3 | 0.0 |
| 6 | ** | Repl | A/M Center bracket | GM1065107 | 1 | 34.00 | Incl. | 0.0 |
| 7 | | Repl | Center support | 15882456 | 1 | 123.67 | Incl. | 0.0 |
| 8 | ** | Repl | Opt OEM Impact bar 1st design | 15854109 | 1 | 182.59 | Incl. | 0.0 |
| 9 | ** | Repl | A/M LT Outer filler | GM1088176 | 1 | 41.00 | Incl. | 0.0 |
| 10 | | Repl | LT Tow brkt cover | 15893972 | 1 | 36.07 | Incl. | 0.0 |
| 11 | ** | Repl | A/M Air deflector | GM1092222 | 1 | 50.00 | Incl. | 0.0 |
| 12 | | Repl | License bracket | 15140153 | 1 | 45.90 | Incl. | 0.0 |
| 13 | | Repl | LT Bumper cover side bracket | 25948814 | 1 | 22.15 | Incl. | 0.0 |
| 14 | **GRILLE** | | | | | | | |
| 15 | | R&I | Grille assy blue code: 25U | | 0 | 0.00 | Incl. | 0.0 |
| 16 | * | Rpr | Grille assy blue code: 25U | | 0 | 0.00 | 0.0 | 1.6 |
| 17 | | | Overlap Major Non-Adj. Panel | | 0 | 0.00 | 0.0 | -0.2 |
| 18 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 0.3 |
| 19 | * | R&I | Emblem | | 0 | 0.00 | Incl. | 0.0 |
| 20 | ** | Repl | A/M Mount panel | GM1207108 | 1 | 40.00 | Incl. | 0.0 |
| 21 | **FRONT LAMPS** | | | | | | | |
| 22 | ** | Repl | Opt OEM RT Headlamp assy | 25897649 | 1 | 730.97 | Incl. | 0.0 |
| 23 | | | Aim headlamps | | 0 | 0.00 | 0.5 | 0.0 |
| 24 | ** | Repl | Opt OEM LT Headlamp assy | 25897648 | 1 | 766.09 | Incl. | 0.0 |
| 25 | ** | Repl | A/M CAPA LT Fog lamp assy | GM2592163C | 1 | 176.00 | Incl. | 0.0 |
| 26 | | Repl | LT Support | 15874642 | 1 | 18.92 | 0.0 | 0.0 |
| 27 | **RADIATOR SUPPORT** | | | | | | | |
| 28 | * | Repl | RCY Radiator support +25% | 20805487 | 1 | 562.50 | 6.0 | 0.0 |
| | | | NOTE: PARTS UNLIMITED (281)489-0990 | | | | | |
| 29 | | | Evacuate & recharge | | 0 | 0.00 m | 1.4 M | 0.0 |
| 30 | | | Add for trans cooler | | 0 | 0.00 m | 0.3 | 0.0 |
| 31 | **FENDER** | | | | | | | |
| 32 | * | Rpr | LT Fender Escalade | | 0 | 0.00 | 3.5 | 2.0 |
| 33 | | | Overlap Major Non-Adj. Panel | | 0 | 0.00 | 0.0 | -0.2 |
| 34 | | | Add for Clear Coat | | 0 | 0.00 | 0.0 | 0.4 |
| 35 | | R&I | LT Fender liner Escalade base & luxury | | 0 | 0.00 | 0.3 | 0.0 |
| 36 | | R&I | LT Grille w/Escalade chrome | | 0 | 0.00 | 0.3 | 0.0 |
| 37 | # | Rpr | Floor set up | | 0 | 0.00 | 0.5 | 0.0 |
| 38 | # | | BODY PULLS | | 1 | 0.00 | 1.5 | 0.0 |
| 39 | **TIRES** | | | | | | | |
| 40 | * | Repl | BDGST P285/45R22 DUELER H/L | BR00189 | 1 | 258.99 | 0.3 | 0.0 |

## Estimate of Record

2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

ALENZA BW 110H

| 41 | | **ELECTRICAL** | | | | | | |
|---|---|---|---|---|---|---|---|
| 42 | | Repl | Low note horn | 89046918 | 1 | 70.50 | 0.2 | 0.0 |
| 43 | | **INSTRUMENT PANEL** | | | | | | |
| 44 | * | Repl | Upper trim panel ebony -10% | 20844035 | 1 | 254.07 | 0.8 | 0.0 |
| 45 | | **PILLARS, ROCKER & FLOOR** | | | | | | |
| 46 | | R&I | LT Running board | | 0 | 0.00 | 1.0 | 0.0 |
| 47 | ** | Repl | A/M Flex Additive | | 1 | 4.35 | 0.0 | 0.0 |
| 48 | ** | Repl | A/M Antifreeze - Other - per Gal - ext life | | 1 | 15.00 | 0.0 | 0.0 |
| 49 | ** | Repl | A/M Window Washer Fluid | | 1 | 1.50 | 0.0 | 0.0 |
| 50 | | **OTHER CHARGES** | | | | | | |
| 51 | # | | Towing | | 1 | 160.50 | | |
| 52 | # | | E.P.C. | | 1 | 2.50 | | |
| | | | | **SUBTOTALS** | | **4,048.27** | **19.6** | **7.8** |

### ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 3,885.27 |
| Body Labor | 18.2 hrs | @ | $ 42.00 /hr | 764.40 |
| Paint Labor | 7.8 hrs | @ | $ 42.00 /hr | 327.60 |
| Mechanical Labor | 1.4 hrs | @ | $ 70.00 /hr | 98.00 |
| Paint Supplies | 7.8 hrs | @ | $ 28.00 /hr | 218.40 |
| Other Charges | | | | 163.00 |
| Subtotal | | | | 5,456.67 |
| Sales Tax | $ 4,103.67 | @ | 8.2500 % | 338.55 |
| **Total Cost of Repairs** | | | | **5,795.22** |
| Deductible | | | | 1,000.00 |
| Deductible Credit | | | | -400.00 |
| **Total Adjustments** | | | | **600.00** |
| **Net Cost of Repairs** | | | | **5,195.22** |

Deductible Reduction Credit: Your policy includes a deductible reduction feature that has been applied to reduce the Collision deductible applicable to this loss.

**********************************************************************************
**********************************************************************************

SUPPLEMENT REQUEST PROCESS INSTRUCTIONS:

Fax Supplement Request Form with Required Information

Supplement Request Fax Line:  866-464-1109

2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

Supplement Status Line: 877-599-7759

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Estimate based on MOTOR CRASH ESTIMATING GUIDE. Unless otherwise noted all items are derived from the Guide DR1GC07, CCC Data Date 8/1/2013, and the parts selected are OEM-parts manufactured by the vehicles Original Equipment Manufacturer. OEM parts are available at OE/Vehicle dealerships. OPT OEM (Optional OEM) or ALT OEM (Alternative OEM) parts are OEM parts that may be provided by or through alternate sources other than the OEM vehicle dealerships. OPT OEM or ALT OEM parts may reflect some specific, special, or unique pricing or discount. OPT OEM or ALT OEM parts may include "Blemished" parts provided by OEM's through OEM vehicle dealerships. Asterisk (\*) or Double Asterisk (\*\*) indicates that the parts and/or labor information provided by MOTOR may have been modified or may have come from an alternate data source. Tilde sign (~) items indicate MOTOR Not-Included Labor operations. The symbol (<>) indicates the refinish operation WILL NOT be performed as a separate procedure from the other panels in the estimate. Non-Original Equipment Manufacturer aftermarket parts are described as Non OEM or A/M. Used parts are described as LKQ, RCY, or USED. Reconditioned parts are described as Recond. Recored parts are described as Recore. NAGS Part Numbers and Benchmark Prices are provided by National Auto Glass Specifications. Labor operation times listed on the line with the NAGS information are MOTOR suggested labor operation times. NAGS labor operation times are not included. Pound sign (#) items indicate manual entries.

Some 2014 vehicles contain minor changes from the previous year. For those vehicles, prior to receiving updated data from the vehicle manufacturer, labor and parts data from the previous year may be used. The CCC ONE estimator has a complete list of applicable vehicles. Parts numbers and prices should be confirmed with the local dealership.

The following is a list of additional abbreviations or symbols that may be used to describe work to be done or parts to be repaired or replaced:

SYMBOLS FOLLOWING PART PRICE:

m=MOTOR Mechanical component. s=MOTOR Structural component. T=Miscellaneous Taxed charge category. X=Miscellaneous Non-Taxed charge category.

SYMBOLS FOLLOWING LABOR:

D=Diagnostic labor category. E=Electrical labor category. F=Frame labor category. G=Glass labor category. M=Mechanical labor category. S=Structural labor category. (numbers) 1 through 4=User Defined Labor Categories.

OTHER SYMBOLS AND ABBREVIATIONS:

Adj.=Adjacent. Algn.=Align. ALU=Aluminum. A/M=Aftermarket part. Blnd=Blend. BOR=Boron steel. CAPA=Certified Automotive Parts Association. D&R=Disconnect and Reconnect. HSS=High Strength Steel. HYD=Hydroformed Steel. Incl.=Included. LKQ=Like Kind and Quality. LT=Left. MAG=Magnesium. Non-Adj.=Non Adjacent. NSF=NSF International Certified Part. O/H=Overhaul. Qty=Quantity. Refn=Refinish. Repl=Replace. R&I=Remove and Install. R&R=Remove and Replace. Rpr=Repair. RT=Right. SAS=Sandwiched Steel. Sect=Section. Subl=Sublet. UHS=Ultra High Strength Steel. N=Note(s) associated with the estimate line.

## Estimate of Record

2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

CCC ONE Estimating - A product of CCC Information Services Inc.

The following is a list of abbreviations that may be used in CCC ONE Estimating that are not part of the MOTOR CRASH ESTIMATING GUIDE:
BAR=Bureau of Automotive Repair. EPA=Environmental Protection Agency. NHTSA= National Highway Transportation and Safety Administration. PDR=Paintless Dent Repair. VIN=Vehicle Identification Number.

IMPORTANT INFORMATION ABOUT THE NAMED INSURANCE COMPANY'S CHOICE OF PARTS POLICY.

THIS ESTIMATE MAY LIST PARTS FOR USE IN THE REPAIR OF YOUR VEHICLE THAT ARE MANUFACTURED BY A COMPANY OTHER THAN THE ORIGINAL MANUFACTURER OF YOUR VEHICLE. THESE PARTS ARE COMMONLY REFERRED TO AS AFTERMARKET PARTS OR COMPETITIVE PARTS, AND MAY INCLUDE COSMETIC OUTER BODY CRASH PARTS SUCH AS HOODS, FENDERS, BUMPER COVERS, ETC. THE INSURANCE COMPANY GUARANTEES THE FIT AND CORROSION RESISTANCE OF ANY AFTERMARKET/COMPETITIVE OUTER BODY CRASH PARTS THAT ARE LISTED ON THIS ESTIMATE AND ACTUALLY USED IN THE REPAIR OF YOUR VEHICLE FOR AS LONG AS YOU OWN IT. IF A PROBLEM DEVELOPS WITH THE FIT OR CORROSION RESISTANCE OF THESE PARTS, THEY WILL BE REPAIRED OR REPLACED AT THE INSURANCE COMPANY'S EXPENSE. THIS GUARANTEE IS LIMITED TO THE REPAIR OR REPLACEMENT OF THE PART. HOWEVER, IF YOU CHOOSE NOT TO USE ONE OR MORE OF THE AFTERMARKET/COMPETITIVE OUTER BODY CRASH PARTS THAT MAY BE LISTED ON THIS ESTIMATE IN THE REPAIR OF YOUR VEHICLE, THE INSURANCE COMPANY WILL SPECIFY THE USE OF ORIGINAL EQUIPMENT MANUFACTURER PARTS, EITHER NEW OR RECYCLED AT THE INSURANCE COMPANY'S OPTION, AT NO ADDITIONAL COST TO YOU. THE INSURANCE COMPANY DOES NOT SEPARATELY GUARANTEE THE PERFORMANCE OF ORIGINAL EQUIPMENT MANUFACTURER PARTS, AND MAKES NO REPRESENTATION ABOUT THE AVAILABILITY OF ANY MANUFACTURER'S GUARANTEE.

## Estimate of Record

2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

## ALTERNATE PARTS SUPPLIERS

| Line | Description | Supplier | Item # | Price |
|------|-------------|----------|--------|-------|
| 3 | A/M CAPA Bumper cover<br>Quote #3414944<br><br>Expires 11/01/13 | Keystone - HOUSTON, TX<br>19423 ALDINE WESTFIELD RD, HOUSTON TX 77073 | GM1000816PP<br>(281) 444-5559 | $ 451.00 |
| 6 | A/M Center bracket | NationalAutobodyPartsFPPP-UPS<br>Whitesel, Reid<br>2000 E. MAIN, GRAND PAIRIE TX 75050 | GM1065107<br>(800) 214-7222 | $ 34.00 |
| 8 | Opt OEM Impact bar 1st design | RYDELL CHEVROLET<br>PARTS, PARTS<br>1324 E SAN MARNAN DR, WATERLOO IA 50702 | 15854109<br>(888) 462-1197 | $ 182.59 |
| 9 | A/M LT Outer filler | UCC-National Auto Parts-HOUSTO<br>Ho, Eugene<br>6601 Polk St, Houston TX 77011 | GM1088176<br>(713) 926-6788 | $ 41.00 |
| 11 | A/M Air deflector<br>Quote #3414944<br><br>Expires 11/01/13 | Keystone - HOUSTON, TX<br>19423 ALDINE WESTFIELD RD, HOUSTON TX 77073 | GM1092222<br>(281) 444-5559 | $ 50.00 |
| 20 | A/M Mount panel | UCC-National Auto Parts-HOUSTO<br>Ho, Eugene<br>6601 Polk St, Houston TX 77011 | GM1207108<br>(713) 926-6788 | $ 40.00 |
| 22 | Opt OEM RT Headlamp assy | RYDELL CHEVROLET<br>PARTS, PARTS<br>1324 E SAN MARNAN DR, WATERLOO IA 50702 | 25897649<br>(888) 462-1197 | $ 730.97 |
| 24 | Opt OEM LT Headlamp assy | RYDELL CHEVROLET<br>PARTS, PARTS<br>1324 E SAN MARNAN DR, WATERLOO IA 50702 | 25897648<br>(888) 462-1197 | $ 766.09 |
| 25 | A/M CAPA LT Fog lamp assy | National Autobody Parts - UPS<br>Whitesel, Reid<br>2000 E. MAIN, GRAND PRAIRIE TX 75050 | GM2592163C<br>(800) 214-7222 | $ 176.00 |

## Estimate of Record

2008 CADI ESCALADE 4X2 4D UTV 8-6.2L-FI BLUE

## TIRE PARTS SUPPLIERS

| Line | Description | Supplier | | Price |
|------|-------------|----------|---|-------|
| 40 | BDGST P285/45R22 DUELER H/L ALENZA BW 110H | NTB | | $ 258.99 |
| | | 10950 GULF FREEWAY, HOUSTON TX 77034-0 | (713) 941-0320 | |