To the Honorable judge of said court, Thad Heartfield

1.  I hope my letter finds you in high spirits and all is well. The reason for this letter is that I wanted to bring to this courts attention facts pertaining to my case that my attorney refused to. It is alleged that I was in violation 21 U.S.C. § 846 (Conspiracy to posses with the Intent to Distribute a Controlled Substance (Cocaine HCL)) in Houston, TX, the Southern Federal district. Federal Rule of Criminal Procedure, Rule 18 provides that a case should be heard in the district and area where an accused is alleged to have committed that statue. For this reason I am requesting dismissal of the indictment for lack of venue, under violation 21 U.S.C. § 846, its statue venue lies in any jurisdiction where an act in furtherance of the conspiracy took place, relying in large part upon United States v. Santos, 533 U.S. S.Ct 2020 (2008). I assert that even if venue is legally permissible in this District, the case should nonetheless be transferred to the Southern District of Texas as the Eastern District of Beaumont is an inconvenient forum for the efficient administration of the matter. See, F.R.Cr.P. 21(b).

2.                    Constitutional Requirement of Venue

This matter should also be dismissed in consideration of the traditional constitutional venue requirments. The Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a
speedy and public trial, by an impartial jury of the State and district
wherein the crime shall have been committed which district shall
have been previously ascertained by law." U.S. Cont. amend. VI.

3.

Furthermore, Rule 18 of the Federal Rules of Criminal Procedure states that unless a statue or the rules of procedure themselves permit otherwise, the government must prosecute an offense in the district where the offense was committed. F.R.CR.P.18. The government has alleged no overtacts by me with any connection to the Eastern District of Beaumont Division. A defendant in a criminal case has a constitutional right to be tried in a proper venue. See, U.S. v Johnson, 323 U.S. 273, 275 (1944)

4.

"[I]t is readily apparent that venue requirements promote both fairness and public confidence in the criminal justice system." U.S. v. Johnson, 323 U.S. at 276.

5.

Venue must be determined by the nature of the crime alleged, by analyzing the conduct constituting the offense and the location of the criminal act. U.S. v. Scott, 270 F.3d 30, 35 (1st Cir 2001). More than a de minimis connection to the district is required. U.S. v. Uribe 890 F.2d at 559.

6. The defendant in United States v. Salinas was prosecuted for passport fraud not in New York, where the defendant applied for the passport at the post office, but in New Hampshire, where the fraud was discovered. The court dismissed the Indictment for lack of venue finding that the all of the criminal conduct, the elements of the offense, occured in New York. Id. at 165-170. Similarly, in the case at bar, there is simply no justification for laying venue in the Eastern District of Beaumont, TX as all the alleged criminal conduct of me occured within Houston, TX, the Souther District of Texas.

In accordance with U.S. v Uribe, venue in the Eastern district of Texas Beaumont Division is improper. Consenquently, the indictment should be dismissed as the Eastern district (Beaumont) is an Improper venue. Thus, continueing this matter in the Eastern district (Beaumont) is a violation of both the Federal Rules of criminal procedure and the safeguards provided by the Constitution of the United States.

### Alternative Relief

Even if this Court finds that the Indictment need not be dismissed the Court should transfer the matter to the Southern District of Texas pursaunt to F.R.Cr.P. 21(b). All my family, friends, and witnesses that will attend trial reside in Houston and Laredo, TX.

My request is within the best interest of justice and for the convienence of my family, friends, and witnesses. My family and friends that will be at trial are Alina Rodriguez, Maria Margarita Gomez, Debrah Cipriano all of which reside in Laredo, TX that is 300 miles from Houston, TX as opposed to 388 miles from Laredo, TX to the courthouse in Beaumont, TX. My witnesses will be Gabriel Ramirez, Odill Cespedes, and Alina Rodriguez [ (G.R.) and (O.C.) reside in Houston, TX that will be attending trial and it is of great inconvience for them to drive from Houston, TX 88 miles to Beaumont, TX each way]. The following principles here are in support and in furtherance of my request for the convienence of my family, friends, and witnesses that will be attending trial to see me get a fair trial, See, U.S. v. Garza, 593 F.3d 385 (5th Cir 2010), U.S. v Stanko, 528 F.3d 581-586 (8th Cir 2008) and U.S. v Lipscomb, 299 F.3d 303, 338 (5th Cir 2002).

Thank you for your time and consideration, have a bless day.

Sincerely,

Case No.
1:17 CR 153

Alexander Alonzo Moscorro

filed
December 6, 2017

Date   March 13th, 2019

Fed No.   77627078

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 18 2019

BY
DEPUTY

Alexander Alonso Vasorro 276 270 78
1001 Pearl St Suite 101
Beaumont, Tx. 77701

Inmate Correspondence

Judge
Thad Heartfield
300 Willow St Suite 219
Beaumont Tx 77701

77701-221752

NORTH HOUSTON TX
15 MAR 2019 PM 3 L

CLERK, U.S. DISTRICT COURT
RECEIVED
MAR 18 2019
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS