UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17CR153 |
| Plaintiff, | MOTION FOR PRETRIAL RELEASE |
| v. | BASED UPON NEW EVIDENCE |
| ALEXANDER ALONSO MASCORRO, | |
| Defendant. | Judge. Thad Heartfiel |

Comes Now, Defendant Alexander Alonso Mascorro, Pro Per, brings forth his motion for Pretrial Release, and states the following in support thereof:

## I.

Defendant asserts that he is entitled to a new pretrial release detention hearing, based upon the 5th Amendment's due process clause, new evidence since the last hearing, and that he has been continuosly been held in pretrial detention for 27 months from (Feb. 21, 2018) Though (May, 30, 2020), a detention long enough to contitute punishment may be held to violate due process. See Sandin v. Conner, 515 U.S. 477, 484 (1985) ("(A) detainee may not be punished prior to an adjudication of guilt in accordance with due process of Law.") (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)); See also Bell, 441 U.S. at 535-36 n. 16 (same)

## II.

On December 6, 2017, a Federal grand jury indicted Defendant Alexander Alonso Mascorro, in count one of the Indictment in this case (doc. #1). Specifically, the Indictment Charges the defendants and numerous co-defendants with Conspiracy to possess with intent to distribute a controlled Substance (Cocaine HCL) in violation of, 21 U.S.C § 846. See id

After his arrest, on February 21, 2018, the defendant Originally consented to detention but reserved his rights to reopen the issue of detention. See Order (doc. #58). Judge Keith F. Giblin.
On April, 17, 2018 he filed a Motion for a detention hearing, which the →
(See page 3)

2

undersigned granted. See Doc. #113, Doc. #117. On April 27, 2018 the Court conducted a detention hearing at which time both the Government and defendant offered evidence and testimony. After considering the evidence, the undersigned concluded that the defendant did not rebut the applicable presumptions regarding the safety of the community and flight risk under the Bail Reform Act and concluded on the record that Mansa-Musa-Mascaro should be detained pending trial. See Minute Entry (Doc. #119); Witness and Exhibit List (Doc. #120). The undersigned also issued written findings of fact and an order of detention (Doc. #124). This Court specifically concluded that based on the testimony presented at the hearing, the defendant's criminal history, and his statements to the pretrial Services Officer, no conditions or combinations of conditions can be imposed to assure his appearance in court or the safety of the community. See Order (Doc.# 124), at p. 3. In support the undersigned specifically referenced the probable cause evidence indicating that (1) The defendant was not wholly forthcoming with the Pretrial Services Officer about his travels outside the country; (2) that he engaged in criminal activity while on probation; and (3) his admission to cocaine use in the past. See id. Doc. # 923 (filed 1/11/2019).

On August 3, 2018, the United States filed an Information charging the defendant with one count of conspiracy to possess with the intent to distribute a controlled substance (cocaine HCL in violation of 21 U.S.C. § 841(a)(1). See Information (Doc.#160). The defendant was set to enter a plea on the Information on August 16, 2018, but the court cancelled the plea hearing and the defendant filed a number of motions to continue while he and his co-defendants awaited the Court's resolution of a Motion to Suppress the wiretap evidence in this case. On January 8, 2019, Senior United States District Judge Thad Heartfield issued his order adopting United States Magistrate Judge Zack Hawthorn's report and recommendation on the pending motion to suppress. See Order (Doc. #190). See U.S. v. Pacelle, 849 F.2d 625, 626-27 (D.C. Cir. 1988) (per curiam)(Allowing revocation of bond and imposition order following adverse ruling on defendant's suppression motion).

Judge Heartfiel ordered that the motion to suppress be granted and all evidence seized as a result of the wiretap orders in this case be excluded. See id. On January 23, 2019 Government filed an interlocutory appeal to the Fifth Circuit (U.S v. Romero, et al., 19-40045)(5th Cir.) the appeal was dismissed on 4-5-2019

In his latest motion for another detention hearing the defendant notes his ties to the community in Houston, the availability of a qualified third party custodian, and the availability of employment. See motion (doc.# 216). In a Pro se Motion, Alonso Mascorro also references his young children, including one with special needs. See Pro se Motion for bond (doc.#213). He discusses the financial hardship his detention has put on his family. He further argues that erroneous evidence was presented during his contested detention hearing falsely indicating that he failed a drug test while on probation. (1/16/2019) Doc.# 223

On April 15, 2019, Defendant Alexander Alonso M. move this court to enter an order allowing him to adopt co-defendant's Motion to Suppress wiretap. On April 24, 2019, the Government file a Motion to Admit text Message and Cooperating Witness Testimony (Doc. No. 289.)

In November, 20, 2019 Judge Thad Heartfield granted an Order Adopting part (1) of Report and recomendation regarding Motion Seeking Leave to adopt Co-defendant Worrell's Motion to Suppress wiretap's and all the fruits of the poison tree.

On February 12, 2020 the Undersigned held a hearing on the Defendant's motion to Suppress, Text messages and Cooperating Witness, Physical Evidence.

On March, 6, 2020. Judge Zack Hawthorn, Denyng Defendant's Motion to Suppress Text Message and Witness Testimony (Doc # 400) Also, Alonso-Mascorro's motion for speedy trial (Doc.#360) which the court construes as a motion to suppress is denied.

## III

In the instant motion Alexander Alonso Moscorro argues that he is entitled to a new pretrial realease hearing based upon facts and evidence that are "New" Since the last hearing held on 4/27/2018, and under denying detention Hearing (Doc # 223 on 1-16-2019). Bases his motion upon the B.R.A Act of 1974 5th Amendment due Prosess and Equal protention clauses under the United States Constitution plus, 18 U.S.C § 3141-50

## IV

The instant motion seeking to reopen - the issue of a detention hearing will point to, "New information" No only unknown to defendant at the time of his first hearing, but how the Information is germane and relevant material for his pretrial release, After 28 months of pretrial incarceration. The facts of the case after 28 months of incarceration, have dramatically changed defendant stands on, "Information" only by the government, 28 months later. The latest plea agreement offered by the government is (misprison of a Felony 18 U.S.C § 4) with no more that 3 years in prision, this was brought on June 4, 2020.
Therefore, If the defendant pleads guilty he would have 2 months 4 days over served on this charge, less goodtime, and Immediately eligible for release, bond, or Home Confinement under the cares Act (P.L. 116-136).

Equally mr Alexander Alonso M. presents new information bearing on the courts previously ruled upon issues. Defendant Pro per Alexander Alonso M asserts that previous Attorney was ineffective due his failure to rebut the governments applicable presumption the court relied on in its order denying motion for detention hearing and pro per motion for release. see <u>strickland</u> V. <u>Washington</u> 466 U.S. 668 (1984)

-1A) "Safety of the Community," Court's Order.

-1a) A review of the record indicates that the Court's concerns about the Safety of the community were based on the evidence suggesting that defendant engaged in illegal conduct overall while serving a term of deferred probation. This finding was based on his arrests while on probation. (See order page 4)(Doc #293)

-1a) Rebutting the Court's Order

Defendant asserts the events forming the indictment occurred on Dec. 6, 2013, however the government delayed 4 years to bring forth the original conspiracy on Dec 6, 2017. Thus, there was no criminal history at the time of the events forming the indictment.

-1B) "Safety of the Community," Court's Order

The fact remains that at this time, defendant stands charged with a serious drug offense under the Controlled Substances Act. He had the opportunity to present evidence rebutting the presumption that no conditions can be imposed to assure his appearance or the safety of the community. See 18 U.S.C. § 3142(e)(3) (discussing rebuttable presumption for purposes of detention in certain Controlled Substances Act cases).(See order page 4)

-1B) Rebutting the Court's Order

Defendant Alexander Rhonso Mascorro, presents evidence rebutting the he is not longer a Threat to the Safety of the Community. Defendant no longer stands accused or allegations of the Controlled Substances Act (18 U.S.C. §3142(e)(3), thus, does not to rebut said presumption under the Court's previously relied upon standard. Now the Defendant is not charged with the Above crime.

Defendant was indited on Dec. 6, 2017 with conspiracy to possess with intent to distribute a controlled Substance (cocaine HCL) 21 U.S.C. §846. After defendant was arrested on February 21-2018. Six months later on August 3, 2018 The United States File an Information

Charging the defendant with one count of conspiracy to possess with the intent to distribute a controlled Substance (cocaine HCL), in violation of 21 USC §841(c)(1). See information doc. # 160 This is a lesser charge from the original Indictment. Before/After, August, 2018 a (Co-defendant), File a motion to suppress wiretap and all the fruits of the evidence from wiretaps, (See Doc. # 229) The evidence was suppressed by Judge Zack Hawthorn. On November 20, 2019 Judge Thad Heartfiel ordered adopting the recommendation from Judge Zack Hawthorn, ordered adopting co-defendant's motion to suppress of the magistrate Judge recommendation regarding the motions (Doc. M. 212, 280, 299, 317, 278, 308) see Doc # 358)

-On June 4, 2020 the United States Government brought forth charging with Information of a violation 18 U.S.C. § 4 misprison of a felony. This charge imposes imprisonment of not more than Three (3) years, with the supervised release of not more than one (1) year.

Therefore, if the defendant pleads guilty he would be (2 months, 4 days) over served his time on prison, less goodtime, and immediately eligible for release, bond or Home Confinement under the Cares Act (P.L 116-136) Attorney General's memos dated March 13, 2020 and April 19, 2020.

2)A "Tight Risk" Court Order:"

2)A) The defendant was not wholly forthcoming with the pretrial Services officer about his travels outside the Country (See page 2) (Doc # 223)

2A) Rebutting the Court's Order

Regarding the defendant traveling outside the Country, When defendant travels outside the Country Defendant Alexander Alonso had a permition a that time from the probation officer to crossed the border from Laredo Tx to Nuevo Laredo Mexico.

Order: Rebutting Kat's Hand down Hot

In at the same time report to (her)(Probation Officer) that I was on my way to Nuevo Laredo only and also report when I was back to the United State of America so the probation Officer know that I was back in that can be Verify by Probation Officer Vicky Juarez.

- See U.S. v. Stone, 608 F.3d 939, 947 (2nd Cir. 2010) (Presumption of flight risk rebutted by character witnesses and lack of criminal history).

- But see U.S. v. O'Brien, 895 F.2d 810, 815-17 (1st Cir. 1990) (affirming Pretrial release order the defendant who, despite being flight risk, overcame presumption against release by agreeing to wear electronic monitoring bracelet and Posting home as Surety).

- See e.g., U.S. v. O'Brien, 895 F.2d 810, 816 (1st Cir. 1990) (presumption of flight risk rebutted by evidence of effectiveness of electronic bracelet together with posting of defendant's home as surety).

- See U.S. v. Perollo, 849 F.2d 635, 636-37 (D.C. Cir. 1988) (per curiam) (allowing revocation of bond and imposition of detention order following adverse ruling of defendant's Suppression Motion.

3) Criminal History

This Court specifically concluded that based on the testimony presented at the hearing, the defendant's criminal history and his statements to the Pretrial Services Officer, no conditions or combination of conditions can be imposed. See (Doc. 923).

3A) Rebutting the Court's Order.

All ways pay bills to the government on time, Report to my Probation Officer Vicky Juarez on time, all ways Attend to my monthly visits to my Probation, Attend to my (RA/JA) Classes on time, never fail a drug test; All this can be

3B) - Rebutting the Court Order.

Defendant asserts the events forming the indictment ocurred on before/After. December, 2013. However the government delayed (4) Years to bring forth the original conspiracy on 12/6/2017. Thus, there was no criminal history at the time of the events forming the Indictment.

4). Statements to Pretrial

Government allegated Defendant's statements to the Pretrial Services Officer. (See pag. 2), (Doc. #223).

4A) Rebutting the Court's Order.

Defendant never fail a drug test in the time that he was on Probation that can also be berify by probation Officer Vicky Juaréz.

5) NO Conditions or Combination

Government allegated Defendant has no Conditions or Combination. (See. Doc.) No. (223).

5A) Rebutting Court's Order

See. U.S v. O'Brien, 895 F.2d 810, 815-17 (1st Cir 1990) Affirming Pretrail release order for defendant who, despite being flight risk, overcame presumption against release by agreeing to wear electronic monitoring bracelet and Posting homo as surety.

6) Travels Outside the Country.

The defendant was not wholly forthcoming with the pretrial Service Officer about his travels Outside the country (see pag. 2) (Doc. No. 223)

6A) Rebutting the Court's Order.

Regarding the defendant traveling outside the Country, When defendant travels outside the Country defendant Alexander Alonso Mascorro had permition at the time from the Probation Officer to cross the border from Laredo tx to Nuevo Laredo Mexico, In at the same time repor to (her) Probation Officer, That can be Verify by Probation Officer Vicky Juarez

## V

See. Stack v. Boyle, 342 U.S. 1, (1951)

Congress has reduced this generality in providing more precise standars, stating that. "....The amount thereof shall be such as, in the judgment of the commissioner or court or judge or justice, will insure the presence of the defendant, having regard to the nature and circumstances of the offence charged, the weight of the evidence against him, the financial ability of the defendant to give bail and the character of the defendant.

Federal Rules Criminal Proc. 46(c)

These statutory standards are not challenged as unconstitutional; rather, the amounts of bail established for these petitioners are alleged to exceed these standards.

It is complained that the district Court fixed a uniform blanket bail chiefly by consideration of the nature of the accusation, and did not take into account the difference in circumstances between different defendants. If this occurred, it is a clear violation of Rule 46(c).

## VI

The due process Clause of the Fifth (5th) Amendment provides that "No person shall... be deprived of life, liberty, or property, without due process of Law..." This Court has held that the Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience," Rochin v. California, 342 U.S. 165, 343 U.S. 172 (1952), or interferes with rights "implicit in the concept of ordered liberty" Palko v. Connecticut, 302 U.S. 319, 302 U.S. 325-326 (1937) When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be Implemented in a fair manner. Mathews v. Eldridge, 424 U.S. 319, 424 U.S. 335 (1976) This requirement has traditionally been referred to as "procedural" due process.

Respondents first argue that the Act violates substantive due process because the pretrial detention it authorizes constitutes impermissible punishment before trial. See Bell v. Wolfish, 441 U.S. 520, 441 U.S. 535, and n.16 (1979). The Government, however, has never argued that pretrial detention could be upheld if it were "punishment." The Court of Appeals assumed that pretrial detention under the Bail Reform Act is regulatory, not penal, and we agree that it is.

Defendant argues that the government brought the conspiracy indictment against the defendant in bad faith. the government admitted on February 12, 2020, that the defendant had nothing to do with this Conspiracy and conspirators), (from indictment to the information. Defendant has been punished by the government for 28 Months and should be released on pretrial release.

In conclusion Defendant would ask this Court evidence presented on February 17, 2020 during the Suppression hearing for text message and co-defendant testimony. The United States Attorney Christopher Rapp admitted on record that Defendant Alexander Alonso Moscoro had nothing to do with this conspiracy of the co-defendants.

Defendant Equally would submit to electronic monitoring and or any other combinations the court orders, in order for the defendant to be released on personal recognizant. (P.R Bond)

## RELIEF REQUESTED

Defendant would respectfully request this Court to Order a detention hearing so that he can present new evidence, not previously available

Respectfully Submitted,

/s/ signature

Alexander Alonso Moscoro
Aka. Alex Cesar Alonso
Pro per. C-TRC 27078

# CERTIFICTE OF SERVICE

Per the prison mailbox rule, Defendant has placed in the hands of La Salle Corrections employees for mailing to the below parties on this _____ day of _____ 2020

Clerk of U.S. District Court
Beaumont Division
300 Willow st Room 104
Beaumont Tx 77701

U.S. Attorney Office
Christopher T. Rapp
350 Magnolia Suite 150
Beaumont tx 77701-2237

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ALEXANDER ALONSO MASCORRO,
    Defendant.

Case No. 1:17CR153

ORDER

Judge Thad Heartfield

COMES NOW, Defendant Alexander Alonso Mascorro and files the Motion For Pretrial Release Based Upon New Evidence

This Court orders after reviewing said Motion

Granted _____

Denied _____

Dated on This _____ day of _____ 2020

_____
Honorable Judge